CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>J. DOUGLAS KIRK, ESQ., SBN 125808<br>KIRK & TOBERTY<br>2201 DUPONT DRIVE, SUITE 820<br>IRVINE, CA  92612<br>  TELEPHONE NO.: 949-851-0355   FAX NO.: 949-851-1250<br>ATTORNEY FOR *(Name)*: MARTHA G. ROMEU | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Orange<br><br>**05/09/2016**<br><br>Clerk of the Superior Court<br>By Danielle Jurado, Deputy Clerk |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
 STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
 MAILING ADDRESS: SAME
 CITY AND ZIP CODE: SANTA ANA, CA  92701
 BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME: ROMEU v. DISCOVER FINANCIAL SERVICES, INC., et al.

| **CIVIL CASE COVER SHEET**<br>[X] Unlimited    [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>30-2016-00850802-CU-BT-CJC<br>JUDGE: Judge Mary Fingal Schulte<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
|  | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) |  |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [X] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Writ of mandate (02) |  |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) |  |
| [ ] Other employment (15) |  |  |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 1
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 9, 2016

J. DOUGLAS KIRK, ESQ., SBN 125808                    ▶ *(signature)*
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**   Legal Solutions ® Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

| | SUM-100 |
|---|---|
| **SUMMONS** *(CITACION JUDICIAL)* | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:** DISCOVER FINANCIAL SERVICES,
*(AVISO AL DEMANDADO):* INC., a Delaware corporation; and
DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** MARTHA G. ROMEU, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual

**ELECTRONICALLY FILED**
Superior Court of California
County of Orange

**05/09/2016**

Clerk of the Superior Court
By Danielle Jurado, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, CENTRAL JUSTICE CENTER
700 CIVIC CENTER DRIVE WEST
SANTA ANA, CA 92701

CASE NUMBER:
*(Número del Caso):*
30-2016-00850802-CU-BT-CJC

Judge Mary Fingal Schulte

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
J. DOUGLAS KIRK, ESQ., SBN 125808           949-851-0355
KIRK & TOBERTY
2201 DUPONT DRIVE, SUITE 820
IRVINE, CA 92612

DATE: 05/09/16        Alan Carlson, Clerk of the Court     Clerk, by *Danielle Jurado*, Deputy
*(Fecha)*                                                  *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*   D. Jurado

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

| | |
|---|---|
| J. Douglas Kirk, SBN 125808<br>KIRK & TOBERTY<br>Attorneys at Law<br>2201 Dupont Drive, Suite 820<br>Irvine, California 92612<br>(949) 851-0355 • FAX (949) 851-1250<br><br>Attorneys for Plaintiff<br>MARTHA G. ROMEU | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Orange<br>**05/09/2016**<br>Clerk of the Superior Court<br>By Danielle Jurado, Deputy Clerk |

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ORANGE

CENTRAL JUSTICE CENTER

| | |
|---|---|
| MARTHA G. ROMEU, an individual;<br><br>          Plaintiff,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES, INC, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>          Defendants. | CASE NO. 30-2016-00850802-CU-BT-CJC<br><br>Judge Mary Fingal Schulte<br><br>**COMPLAINT FOR:**<br><br>**1. DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES PURSUANT TO *CIVIL CODE* §1798.92** |

Plaintiff MARTHA G. ROMEU alleges as follows:

**FACTS COMMON TO ALL CAUSES OF ACTION**

1.    Plaintiff MARTHA G. ROMEU (hereinafter "ROMEU" and /or "Plaintiff") is an individual who at all times herein mentioned was and is residing in Orange County, California.

2.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant DISCOVER FINANCIAL SERVICES, INC., (hereinafter "DISCOVER") was and is a corporation formed in Delaware and doing business in California.

3.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants, DOES 1 through 50 inclusive, and each of them, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint in this regard when the same shall have been fully and lawfully ascertained. Plaintiff is informed and believes, and based thereon, alleges that each of said Defendants are responsible in some manner as more particularly alleged in this Complaint for the events and happenings herein

1

**COMPLAINT**

alleged, and thereby caused damages to Plaintiff as herein alleged. All things herein alleged to have been done by any specifically-named Defendant has also been done by said Defendants designated by fictitious names.

4. At all times herein mentioned each of the Defendants was the agent, servant, or employee of the other Defendants, or was otherwise related to, or acting for, or on behalf of, the other Defendants. Each is bound by or responsible for the acts of the others. Said relationships between Defendants were and are created by agreement, by ratification, by ostensible agency, by estoppel, by actual, inherent, implied or ostensible authority or otherwise, and this paragraph is not a limitation on the manner in which said relationships were created as a matter of fact or matter of law. At all times herein mentioned each Defendant was acting and acted within the course and scope of his agency, service, employment, and authority. Each Defendant was further acting and acted with the knowledge and consent or ratification of his principal and employer or otherwise on behalf of his principal and employer under such circumstances and conditions as to give rise to the principal's and employer's responsibility for such acts.

5. ROMEU is ninety (90) years old. William Rosetter ("ROSETTER") is ROMEU'S grandson. In or about 2008, ROSSETTER notified ROMEU that he was planning on attending the University of Southern Calfiornia (the "School") and asked ROMEU if she would be willing to informally provide some financial assistance. ROMEU told ROSSETTER that she would be willing to help him pay for one semester of attendance at the School, but no more than that. ROMEU and ROSSETTER had no further discussion regarding the matter.

6. ROSSETTER did attend the School. Sometime prior to 2013, ROMEU began to receive statements from DISCOVER relating to a school loan or loans apparently obtained by ROSSETTER for his schooling, including, but not limited to, those identified by DISCOVER as Certified Private Loan ID #s 34490, 351266, and 482778 (The "LOANS"). Since ROMEU had told ROSSETTER she would help him out with one semester, she paid several of the statements and then stopped.

7. In or about 2014, ROMEU was informed by DISCOVER that she was listed as a co-signer on the LOANS. ROMEU had never agreed to act as a co-signer and had never prepared or

**COMPLAINT**

1  signed any documents to act as co-signer. ROMEU notified DISCOVER that had never agreed to act as a co-signer and had never prepared or signed any documents to act as co-signer and that she had been the victim of identity theft with respect to the LOANS. ROMEU provided this notification in writing to DISCOVER.

8. In or about October of 2015, ROMEU appeared at the Anaheim Police Department and filed a Police Report for Identity Theft. ROMEU notified DISCOVER that she had filed a police report regarding the identity theft.

9. Notwithstanding that ROMEU notified DISCOVER in writing that a situation of identity theft might exist with respect to the LOANS and explaining the basis for that belief, and that ROMEU promptly filed a police report and notified DISCOVER of the filing of the police report more than thirty days ago, DISCOVER refuses to acknowledge that ROMEU was the victim of identify theft with respect to the LOANS and continues to take the position that ROMEU is responsible for repayment of the LOANS, identified by DISCOVER as having a balance of approximately $85,000.

**FIRST CAUSE OF ACTION**
**(DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES PURSUANT TO *CIVIL CODE* §1798.92 Against DISCOVER and Roes 1 - 50)**

10. ROMEU realleges and reincorporates each and every allegation set forth in Paragraphs 1 through 9 of this Complaint as though fully set forth at this point.

11. ROMEU is the victim of identify theft by ROSSETTER and pursuant to *Penal Code* §530.5, in that ROSSETTER willfully obtained ROMEU'S personal identifying information, including her name and address, and used that information to obtain credit, goods, or services, i.e., the LOANS, without ROMEU'S consent.

12. ROMEU has taken all the steps required pursuant to Civil Code 1798.92 et seq with respect to notifications to DISCOVER and filing of police reports regarding the identify theft.

13. Plaintiff is therefore entitled to:

   A. A declaration that she is not obligated to DISCOVER on the LOANS.

   B. A declaration that any security interest or other interest that DISCOVER purportedly obtained in ROMEU'S property in connection with its claim is void and

3

**COMPLAINT**

unenforceable.

  C. An injunction restraining DISCOVER from collecting or attempting to collect from ROMEU on its claim, from enforcing or attempting to enforce any security interest or other interest in ROMEU'S property in connection with that claim, or from enforcing or executing on any judgment against ROMEU on that claim.

  D. The dismissal of all claims by DISCOVER against ROMEU relating to the LOANS.

  E. Actual damages, attorney's fees, and costs, and any equitable relief that the court deems appropriate, based on the facts that ROMEU provided sufficient written notice to DISCOVER that a situation of identity theft might exist pursuant to *Civil Code* §1798.93(c)(5).

  F. A civil penalty of $30,000 pursuant to *Civil Code* 1798.93(c)(6) based on the facts that:

    1. At least 30 days prior to filing this action pursuant to this section, ROMEU provided written notice to DISCOVER at the address designated by it for complaints related to credit reporting issues that a situation of identity theft might exist and explaining the basis for that belief;

    2. DISCOVER failed to diligently investigate ROMEU'S notification of a possible identity theft;

    3. DISCOVER continued to pursue its claim against ROMEU after it was presented with facts that were later held to entitle ROMEU to a judgment pursuant to this section.

WHEREFORE, Plaintiff prays judgment as follows:

**FOR THE FIRST CAUSE OF ACTION:**

  1. A declaration that she is not obligated to DISCOVER on the claim set forth in the Complaint;

  2. A declaration that any security interest or other interest that DISCOVER purportedly obtained in ROMEU'S property in connection with its claim is void and unenforceable.

  3. An injunction restraining DISCOVER from collecting or attempting to collect from ROMEU on its claim, from enforcing or attempting to enforce any security

interest or other interest in ROMEU'S property in connection with that claim, or from enforcing or executing on any judgment against ROMEU on that claim;

4. The dismissal of all claims by DISCOVER against ROMEU relating to ROSSETTER'S school loans;

5. Actual damages, attorney's fees, and costs, and any equitable relief that the court deems appropriate;

6. A civil penalty of $30,000 pursuant to *Civil Code* 1798.93(c)(6).

DATED: May 9, 2016                    KIRK & TOBERTY, Attorneys at Law

                                      By: _____
                                          J. Douglas Kirk, Esq.
                                          Attorneys for Plaintiff
                                          MARTHA G. ROMEU